CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 01 2011

JULIA␣DUDLEY, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 5:07CR00025 |
| | ) (Case No. 5:11CV80354) |
| vs. | ) |
| | ) MEMORANDUM OPINION |
| | ) |
| PERCIVAL NORMAN FENTON, | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Percival Norman Fenton, proceeding pro se, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Fenton challenges the judgment of this court entered September 13, 2007, under which he was convicted of numerous counts of fraud, sentenced to prison and supervised release terms, and ordered to pay restitution. Upon consideration of the § 2255 motion and the record, the court concludes that the action must be summarily dismissed as untimely filed.[1]

I

Fenton collected payments from various hospitals in western Virginia between 2000 and 2006 for conducting inspections and tests on nuclear medical equipment. Federal authorities developed evidence in 2005, however, that Fenton did not have the necessary education and

---

[1] Pursuant to Rule 4 of the Rules Governing § 2255 Proceedings, the court may summarily dismiss a § 2255 motion where "it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case" that the defendant is not entitled to relief.

certification to perform these tests and had used invalid educational degrees and falsified credentials to convince medical facilities to hire him for work he was not qualified to do.[2]

Confronted with the government's evidence, Fenton waived indictment and pleaded guilty, pursuant to a written plea agreement, to a 49-count information, charging him with 48 counts of engaging in a scheme to defraud and obtain money by false pretenses using the United States mail, in violation of 18 U.S.C. § 1341, and to one count of perjury, in violation of 18 U.S.C. § 1623(a). Fenton's plea agreement, pursuant to Fed. R. Crim P. 11(c)(1)(C), fixed his custody range under the United States Sentencing Manual ("the guidelines") at 46 to 57 months imprisonment, with the sentences to run concurrent with each other. The agreement also stipulated to $400,000.00 in restitution, although the judgment stated the total loss to Fenton's victims as in excess of a million dollars.

Before accepting Fenton's guilty plea, the court questioned him thoroughly to determine the validity of the plea. During the plea colloquy, Fenton's responses indicated that he understood untruthful responses under oath could be prosecuted as perjury; he could read, write, and understand English and suffered no physical or mental condition keeping him from understanding the plea proceedings; he understood by pleading guilty, he waived his trial rights to have the government present its evidence and his right to cross examine the government's witnesses before a jury; he understood the elements of the charges; he had read his plea agreement and initialed each page, indicating his understanding of and agreement to its terms; he understood and agreed to the guideline stipulations set forth in the plea agreement, setting his custody range at 46 to 57 months in prison and setting the amount of restitution at $400,000.00;

---

[2] Fenton advised authorities that by responding to an internet ad in 1998, he obtained his master's degree and doctorate degree from the University of San Mortiz in one day. Presentence Investigation Report ("PSR") ¶12. Fenton also falsified his certification from the American Board of Diagnostic Medical Health Physics, an organization that did not exist, and signed letters to federal regulatory agencies to indicate that he had obtained his Ph.D. PSR ¶11-12.

he understood his plea agreement waiver of the right to appeal and the right to bring a § 2255 motion; he was satisfied with counsel's representation; no one had threatened or coerced him into pleading guilty pursuant to the plea agreement; and no one had made any promises to him outside the agreement that made him want to plead guilty. The court asked Fenton, "Is it your intention to plead guilty to these counts of the information because you are, in fact, guilty?" (Plea Tr. 10, August 28, 2007.) Fenton answered, "Yes, sir." (Id.)

The court found from Fenton's in-court responses that he was competent to enter a plea and that he entered a knowing and voluntary guilty plea, pursuant to the plea agreement. After preparation of a presentence report, the court sentenced Fenton to 48 concurrent terms of 54 months imprisonment, ordered him to pay restitution as set forth in the plea agreement, and imposed 49 concurrent three-year terms of supervised release. Fenton did not appeal the convictions or sentences.

On August 15, 2011, nearly four years after entry of the criminal judgment, Fenton signed and dated his § 2255 motion. In the motion, he asserts the following grounds for relief: (1) improper calculation of sentence and restitution; (2) conviction based on mail fraud not justified; (3) conviction based on confession "coerced" by promises made to him during a "non-custodial meeting" with FDA officials; (4) Rule 11 violation/error during pre-plea and plea hearings; (5) suppression by prosecutors of favorable evidence the defendant provided to them; (6) defendant's court testimony in Beale v. U.S. did not meet criteria for perjury because he believed his credentials were valid; (7) prosecutorial misconduct and/or vindictiveness in calculating type and scope of violations and amount of loss; (8) the court and the Department of Justice violated the terms of the plea/sentence with respect to scheduled restitution payments; (9) counsel provided ineffective assistance in failing to investigate material facts and concepts so as

to give effective advice about the plea agreement and sentence; and (10) defendant did not qualify for an enhancement for "abuse of trust."[3] As relief in this action, Fenton asks the court to issue an order

> (1) [v]acating the entire sentence in that there was no intended fraud, no mail fraud, no victims, no perjury, and no pecuniary loss; and/or (2) modification of sentence and supervised release to better reflect the factual evidence not previously presented.

(ECF No. 31-1 at p. 23.)

The court filed the § 2255 motion conditionally, notified Fenton that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness. Fenton has responded, asserting that he is entitled to equitable tolling or similar relief. After considering all of Fenton's submissions, however, the court concludes that the § 2255 motion must be dismissed as untimely.

## II

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3] Fenton raised these same claims in a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, which this court transferred to the United States District Court for the Northern District of West Virginia, the jurisdiction where he was confined. The West Virginia court dismissed the petition upon finding that the claims were improperly filed under § 2241. See Case No. 1:11CV36 (N.D. W.V. May 19, 2011).

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). When the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires. United States v. Clay, 537 U.S. 522, 524-25, 532 (2003). If the district court gives the defendant notice that the motion appears to be untimely and allows him an opportunity to provide any argument and evidence regarding timeliness, and the defendant fails to make the requisite showing, the district court may summarily dismiss the motion. Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002).

As stated, judgment was entered against Fenton on September 13, 2007. Because he did not appeal the judgment, his conviction became final on September 27, 2007, when his opportunity to appeal expired. See Fed. R. App. P. 4(b)(1)(A) (2007). Under § 2255(f)(1), Fenton then had one year – until September 26, 2008 – in which to file a timely § 2255 motion. Because he filed this § 2255 motion on August 15, 2011 at the earliest,[4] his motion is untimely under § 2255(f)(1).

Fenton asserts that he prepared a § 2255 motion within one year of the judgment and submitted it to the undersigned, personally, in October 2008. Even assuming that such a submission took place, because Fenton's one-year filing period under § 2255(f)(1) expired in September 2008, this "unfiled" § 2255 was not timely submitted. Moreover, Fenton admits that he did not "file" this § 2255 motion in his criminal case because he feared that to do so would constitute a breach of his plea agreement and would enable the government to prosecute him for

---

[4] An inmate's § 2255 motion is considered filed on the date when he signs the motion and delivers it to prison authorities for mailing to the court. See Rule 3(d) of the Rules Governing § 2255 Proceedings; Houston v. Lack, 487 U.S. 266 (1988) (finding that prisoner pleadings are considered filed on date delivered to prison authorities for mailing).

5

additional charges or vacate the sentencing stipulations of the agreement. Fenton's submission of an untimely, unfiled § 2255 motion in 2008 does not render his current claims timely.

Fenton also asserts that his breach of plea claim is timely under § 2255(f)(4), based on when he discovered the government's garnishment of his retirement account funds against his restitution obligation. The record indicates, however, that the garnishment occurred in October 2007, more than three years before Fenton submitted his current § 2255 motion.

Fenton apparently argues that his claims are timely under § 2255(f)(4), because they are based on legal information he first discovered in 2011 (less than one year before filing this motion). He states that after doing some reading in January 2011, he learned the difference between fines and restitution and how to properly calculate losses. He asserts that this new knowledge allowed him to discover for the first time that the evidence against him was not sufficient to support his convictions and that the government had miscalculated his victims' losses, mistakes that resulted in improperly inflated calculations of his sentences and restitution amounts. In 2011, Fenton also allegedly first discovered the concepts of "actual innocence" and "equitable tolling." The court finds no merit to these arguments. Legal concepts, such as the definitions of loss and restitution, cannot qualify as facts under § 2255(f)(4). Fenton does not point to any fact necessary to his claims that he did not know at the time of the plea negotiations and sentencing hearing, or that he could not have learned within one year of the judgment. Thus, he fails to demonstrate that any of his claims is timely under § 2255(f)(4).

Fenton also asserts an actual innocence exception to time-bar under the AEDPA. Specifically, he argues that based on "objective evidence, not presented by either the U.S. Attorney or defense counsel at the plea and formal sentencing," and precedent he has gathered since entry of the judgment, his conduct did not meet the elements of the crimes to which he

pleaded guilty, and he was not eligible for (was actually innocent of) the sentence imposed. He seeks to rely on his actual innocence in order to circumvent his procedural default of untimely filing or to achieve equitable tolling of the limitations period.

To show actual innocence as a means to escape procedural bar, however, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him. Bousley v. United States, 523 U.S. 614, 623 (1998) (omitting internal quotations); Schlup v. Delo, 513 U.S. 298, 327-328 (1995) (same). This showing requires the defendant to demonstrate "actual factual innocence of the offense of conviction, i.e., that [defendant] did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." United States v. Mikalajunas, 186 F.3d 490, 493-94 (4th Cir. 1999).

Fenton offers no proof that he did not commit the conduct for which he was charged in the federal criminal information to which he pleaded guilty. Nor does he argue that since his guilty plea, some newly enacted statute or court decision has reinterpreted the law under which he was charged so as to decriminalize his conduct. See Bousley, 523 U.S. at 623-24 (finding that defendant who pleaded guilty to use of a firearm in violation of 18 U.S.C. § 924(c) would be entitled to § 2255 relief from his conviction upon proof that his conduct did not satisfy definition of "use" in Bailey v. United States, 516 U.S. 137 (1995)). Rather, using his newly acquired personal understanding of legal definitions, he argues that the government's evidence might not have been strong enough to convict him of fraud or to support the sentences and restitution amount to which he stipulated. This contention presents, at most, a claim of legal innocence, rather than factual innocence, and is not sufficient to excuse procedural default. Mikalajunas, 186 F.3d at 493-94.

Fenton's assertion of actual innocence also provides no ground for equitable tolling of the federal filing deadline. Generally, "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" to prevent him from filing a timely petition. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005); Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (en banc). Although given an opportunity to do so, Fenton does not allege facts indicating that he diligently attempted to obtain the facts necessary to support his current claims within the year following his conviction or that any extraordinary circumstance prevented him from pursuing a § 2255 motion during that time period. Therefore, the court cannot find grounds for equitable tolling here.

In any event, Fenton is bound by the statements he made to the court during his guilty plea hearing. "The advantages of plea bargains [to all concerned] 'can be secured . . . only if dispositions by guilty plea are accorded a great measure of finality.'" United States v. Lemaster, 403 F.3d 216, 219-20 (4th Cir. 2005) (quoting Blackledge v. Allison, 431 U.S. 63, 71 (1977)). Consequently, the defendant's statements during the plea hearing "carry a strong presumption of verity" that presents "a formidable barrier in any subsequent collateral proceedings." Id. (quoting Blackledge, 431 U.S. at 74). "[I]n the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should . . . dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

Fenton's statements during the plea colloquy offered every indication that after careful consideration of the evidence against him and consultation with counsel, Fenton was knowingly and voluntarily entering a guilty plea, pursuant to the written plea agreement, because he

believed it to be in his best interests to do so. In fact, as stated, he expressly affirmed that he was pleading guilty because he was, "in fact, guilty" of the offenses charged in the indictment. His § 2255 claims rely on contentions that directly contradict his statements during the plea hearing. Because his § 2255 motion offers no extraordinary circumstance undermining the presumption that his plea hearing statements were true, the court finds no merit to his § 2255 claims.

For the reasons stated, the court concludes that Fenton's § 2255 motion must be dismissed as untimely filed under § 2255(f)(1), that he is not entitled to have the filing period calculated under any other subsection of § 2255(f), and that he fails to show that equitable tolling of the period is warranted. An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the defendant.

ENTER: This 1st day of September, 2011.

*[signature: Glen Conrad]*

Chief United States District Judge